| 54  417|
| 71  435|

### THE STATE, USE, ETC. *v.* R. B. MAYES ET AL.

1. COUNTY TREASURER'S BOND. *School fund. Liability of sureties.*
   The condition of a county treasurer's bond was that "he should faithfully perform and discharge all the duties of the office of treasurer, under chapter 39 of the Revised Code, . . . and all acts and things required by law or incident to the said office, . . . under chapter 39 of said Code." To a declaration on the bond, alleging as breaches: 1, That the treasurer had negligently suffered the school funds to be taken out of his custody, so that he could not produce the same; 2, that he had wasted them; 3, that he had not safely kept said funds, — the sureties demurred upon the ground that none of these breaches was within the condition of the bond or the requirements of the law. *Held*, that the duty of keeping the school money was incident to the duties prescribed by art. 10, c. 39, of receiving and disbursing it on proper vouchers, and was embraced in the bond, and that the demurrer should be overruled.

2. SAME. *Plaintiff and usee in suit.*
   Such a suit is properly brought in the name of the State for the use of the board of supervisors of the county.

3. SAME. *Obligation of sureties. How tested.*
   The obligation of the sureties in such case is tested by the terms of the bond, by c. 39 Code 1871, which regulates the duties of the treasurer in regard to the school fund, and prescribes the bond to be given, and by § 309 Code 1871, which applies to all bonded officers.

4. SAME. *Sects. 261, 262, Code not applicable.*
   Sects. 261, 262, Code 1871, relate alone to the bond which the county treasurer gives for the safe-keeping of the county funds *eo nomine*, and do not cover money belonging to the school fund.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

*Miles & Epperson*, for the plaintiff in error,

1. Cited Code 1871, c. 39, and §§ 269, 1384, 2013, contending that the suit was properly brought in the name of the State, for the use of the board of supervisors of the county.

2. Contended that the breaches assigned were covered by the bond, citing Code 1871, §§ 261, 262, 309, 2024, and c. 39; 8 S. & M. 151; 5 S. & M. 25; 23 Miss. 68.

*George E. Harris*, Attorney-General, and *P. P. Bailey*, on the same side, cited Code 1871, §§ 261–263, 269, 309–312, 584, 2890; 13 S. & M. 392; 40 Miss. 493; *Byrne* v. *State*, 50 Miss. 688; *Marshall* v. *Hamilton*, 41 Miss. 229; 9 S. & M. 183; *Taylor* v. *State*, 51 Miss. 79; 3 S. & M. 124; *French* v. *State*, 52 Miss. 759.

*R. Bowman*, for the defendants in error, cited Code 1871, c. 39, § 2024; *Barker* v. *Parker*, 1 T. R. 295; *Liverpool Waterworks Co.* v. *Atkinson*, 6 East, 512; *Hassell* v. *Long*, 2 M. & S. 363; 5 Robinson Pract. 646; 2 Story on Contracts, §§ 644, 645; contending that Mayes should have been sued on the bond required by §§ 261, 269, Code 1871. Under the additional bond, required by § 2024, he was not liable.

*Garnett Andrews*, on the same side, filed two briefs, arguing that the demurrer was properly sustained, and commenting at length on c. 39 Code 1871, and the sections of the Code referred to in the other briefs; and cited *Bell* v. *Bruen*, 1 How. (U. S.) 186; *Lawrence* v. *McColmont*, 2 How. (U. S.) 449; *Russell* v. *Clark*, 7 Cranch, 69; *Leggett* v. *Humphreys*, 21 How. (U. S.) 75; *Dobbin* v. *Bradley*, 17 Wend. 425; *United States* v. *Boyd*, 15 Pet. 208; *Walrath* v. *Thompson*, 6 Hill, 540; *Lipscomb* v. *Postell*, 38 Miss. 488; *Jackson* v. *Simonton*, 4 Cranch C. C. 255; *Goshorn* v. *Alexander*, 2 Bond, 158; Hutch. Code, p. 205 *et seq.*, p. 208, § 10, pp. 210, 230.

CHALMERS, J., delivered the opinion of the court.

By art. 10 of c. 39 Code 1871, the county treasurer of each county is made the custodian of the school funds thereof, and his duties in that behalf are prescribed. Among these duties are those of receiving all moneys on account of the school fund of the county, and paying out the same on warrants signed by the president of the board of school directors (now board of supervisors).

To a suit brought upon the bond of the county treasurer of Yazoo County, given under this statute, in which the breaches alleged were, 1st, that the treasurer had negligently suffered

the school funds to be taken out of his custody, so that he could not produce the same; 2d, that he had wasted them; 3d, that he had not safely kept said funds, — the sureties on the bond demurred, upon the ground that none of these breaches was within the condition of the bond or the requirements of the law. The condition of the bond was that the principal should " faithfully perform and discharge all the duties of the office of treasurer, under chapter 39 of the Revised Code . . . and all acts and things required by law or incident to the said office of treasurer of Yazoo County, under chapter 39 of said Code." The position of the sureties is that there is no requirement in the statute that the treasurer shall *keep* the money, but only that he shall *receive* it, and pay it out on proper warrants, and that, therefore, as the obligation of the sureties is *strictissimi juris*, they will not be liable for negligence, waste, or even embezzlement, on the part of their principal. The demurrer proceeds on this idea, and assigns for cause, substantially, that there is no allegation in the declaration of a failure to receive or to pay out, on proper voucher, or to do and perform any other of the duties specifically enjoined on the treasurer by the statute.

It is difficult to see how the treasurer could pay out, on proper warrants, money which he had not kept; and it may well be doubted, therefore, under the most stringent rule as to the liability of sureties, whether the duties of receiving money, and of paying it out on proper voucher, do not, *ex vi termini*, import and include the duty of keeping it. All doubt, however, is put at rest by reference to other sections of the Code and other conditions of the bond. By § 309, Code of 1871, it is enacted that all officers of this State required to give bond shall, in addition to the special requirements of the statutes pertaining to their office, give bond in the form therein set forth. Among the conditions of the form of bond which follows is one to the effect that the principal shall faithfully perform and discharge all the duties of the office, "and all acts and things required by law, or incident to the said office." This condition is incorporated in the bond sued on, with the addition of the words "under chapter 39 of said Code." Now, if the faithful keeping of the school fund is

not one of the acts required by said chapter, it is manifestly "incident" to the office under said chapter. It certainly can require no argument to show that the duty of faithfully keeping public money is a necessary incident to the duties of receiving and disbursing it upon proper vouchers. The rulings of the court below were not in accordance with this view, and are therefore erroneous.

The suit was properly brought in the name of the State of Mississippi, for the use of the board of supervisors.

*Judgment reversed, and the demurrer overruled, with leave to plead.*

*Garnett Andrews* and *R. Bowman,* with whom were now *Nugent & McWillie,* filed for the defendants in error a petition for reargument, suggesting that the court erred in construing the statutes, and decided the case without reference to §§ 261, 262, Code 1871. The treasurer is to be held, if at all, for the loss of the fund in this case, under his general bond, not on his special bond prescribed by c. 39 Code 1871.

CHALMERS, J., delivered the following opinion of the court on the petition for reargument: —

Sects. 261, 262, Code 1871, have nothing to do with the case at bar. Those sections relate alone to the bond which the county treasurer gives for the safe-keeping of the county funds *eo nomine.* This suit is for money belonging to the school fund ; and the duties of the treasurer and the bond to be given by him in this regard are prescribed and regulated by c. 39 Code 1871. The two bonds are as wholly distinct as those which a sheriff gives as sheriff and as tax collector. To hold that the duty of receiving the school funds is covered by the special bond, and the duty of keeping them by the general bond, would be an absurdity. The obligation of the sureties in this case is to be tested by the provisions of c. 39, by the terms of the bond which they signed, and by § 309 of the Code, because this latter section applies to all bonded officers. The conditions of the bond sued on are four : 1st, That the treasurer " shall faithfully perform and discharge all the duties of treasurer under chapter 39 of the Code ; " 2d, " and all acts

and things required by law " under said chapter ; 3d, " or in-
cident to said office of treasurer under said chapter ; " 4th, or
any laws enacted subsequent to the adoption of the Code.

Among the duties prescribed by c. 39 are those of re-
ceiving the school funds, and paying them out on proper
vouchers. These duties, therefore, are covered by the bond.
In addition to these and the other duties specifically enumer-
ated in the statute, the bond, by its terms, protects " all acts
and things required by law, or incident to the office of treas-
urer, under chapter 39." These words must be given some
meaning. They were thought so important by the law-giver,
that it was enacted by § 309 that " all officers of this State
required to give bond for the faithful discharge of the duties
of their respective offices " should insert these words in their
bonds. The plain meaning of this is, that the bond shall pro-
tect not only a faithful discharge of all the duties which are
specifically enumerated in the statute, but also " all acts and
things incident to the office ; " that is to say, all things which
necessarily belong to or are incidental to it. What these things
are must be determined by looking to the character of the
office, as indicated by the specific duties enumerated. When
we see that among the duties annexed to this office are those
of receiving and paying out school money, on proper vouchers,
we have no hesitation in saying that there also necessarily be-
longs to it, as one of its incidents, the duty of keeping such
money. Any other construction would strike out of the bond
a condition which the legislature thought so important that
they directed it to be inserted in all official bonds in this State.
The very object of this was to make the bond cover not only
duties specially enumerated, but also all duties fairly incidental
to the office, as indicated by its character and by those enu-
merated.

Respect for the eminent counsel who insist that we were in
error in our former opinion induces us to submit this exposi-
tion of a subject which, we think, is too plain for argument.