### THE STATE *v.* J. G. FELTON ET AL.

COUNTY TREASURER'S BOND.   *School fund.*

> Sureties on a county treasurer's general bond conditioned according to the statute for the performance of his official functions are not liable for his default in relation to the school fund, which is protected by the special bond prescribed by the statute imposing his duties respecting this fund. *State* v. *Mayes*, 54 Miss. 417, affirmed; *State* v. *Matthews*, 57 Miss. 1, and *State* v. *Harney*, 57 Miss. 863, distinguished.

APPEAL from the Circuit Court of Kemper County.

Hon. J. S. HAMM, Judge.

In this action upon the county treasurer's general bond given under Code 1871, §§ 261, 262, for fines belonging to the school fund misapplied by J. G. Felton, the treasurer, his sureties' demurrer to the declaration was sustained upon the ground that the special bond prescribed in Code 1871, c. 39, art. 10, protected this fund.

*T. W. Brame* and *L. Brame*, for the appellant.

The sections of the Code of 1871 under which the bond was given, and the condition thereof, show that the obligors are liable for the sums claimed in the declaration. If this court, in the case of *State* v. *Mayes*, 54 Miss. 417, decided that the bond given under Code 1871, §§ 261, 262, was no security for the school fund, that conclusion must be shaken, by comparing these sections with § 309; and from the decisions in the cases of *State* v. *Matthews*, 57 Miss. 1, and *State* v. *Harney*, 57 Miss. 863, arises an irreconcilable incongruity, which must result in the reconsideration of the incorrect opinion in the earlier case.

*T. P. Bell*, for the appellees.

The opinion in the case of *State* v. *Mayes*, 54 Miss. 417, is conclusive of this controversy. Sureties on the general bond are not liable for the school fund. The cases of *State* v. *Matthews*, 57 Miss. 1, and *State* v. *Harney*, 57 Miss. 863, which may have caused this action, present entirely distinct questions from the one here involved. Special duties regarding the school fund are imposed by a statute which requires a specific bond for their performance, and this bond is the only protection for this fund.

CHALMERS, C. J., delivered the opinion of the court.

It was stated in *State* v. *Mayes,* 54 Miss. 417, that the sureties on the general bond, given by a county treasurer for the faithful discharge of the duties of his office, were not responsible for any default of duty by him in relation to the school funds in his hands, his duties as to the school fund being protected by the special bond required for that purpose. There is no inconsistency, as supposed by counsel, between that case and the case of *State* v. *Matthews,* 57 Miss. 1, in which we held that the bond of a sheriff for the discharge of his official duties generally covered any failure of duty as tax collector. There is no similarity between the two cases. The first case presented an instance where a public officer was required by law to execute a general bond for the faithful discharge of duty generally, and by another section of a code of laws, adopted at the same time, was required to give an additional bond for the discharge of a special duty imposed by the section.

It is manifest that the performance of the special duty is protected by the special bond required by the statute which imposes it, while the general duty is protected by the general bond. In the sheriff's case only one bond was required by any law, and it was hence evident that this bond must be held to cover and ensure the performance of every official duty imposed by law upon the officer. That the bonds voluntarily given by some sheriffs for the collection of taxes, when no law required the giving of such bonds, were held obligatory upon those who gave them, and that the giving of such unnecessary bonds did not affect the State's remedy upon the general bond except to afford accumulative security, as decided in *State* v. *Harney,* 57 Miss. 863, does not in any manner affect the case of a county treasurer's liability, who is by law required to give two distinct bonds for the performance of two distinct duties; the one imposed by the general law, and protected by the general bond prescribed, and the other specially exacted by the provisions of a statute imposing special duties, and requiring a special bond for their faithful performance.

*Judgment affirmed.*