# THOMAS W. LATHROP *v.* J. W. BRITTAIN AND J. B MEACHAM.

SHERIFF AS TAX COLLECTOR.—No provision is to be found in the Constitution under which the Sheriff, as Sheriff, may perform the duties of Tax Collector.

AUTHORITY OF SHERIFF TO ACT AS TAX COLLECTOR.—The Sheriff acquires his authority to act as Tax Collector, in those counties where he so acts, under the Revenue Act of 1857, which invests the person elected to the office of Sheriff with another distinct office—that of Tax Collector; and though he is elected, *eo nomine*, Sheriff, he is in fact also elected to the office of Tax Collector, and the two offices are distinct.

UNDER-SHERIFF CANNOT ACT AS TAX COLLECTOR.—The law authorizing Sheriffs to act as Tax Collectors does not authorize the Sheriff as Tax Collector to appoint an Under Tax Collector, wherefore the Under-Sheriff cannot perform the duties of Tax Collector.

TAX DEED MADE BY UNDER-SHERIFF.—A tax deed executed by a Sheriff as Tax

Collector by his Under-Sheriff, is not admissible in evidence, and vests no title in the grantee.

APPEAL from the District Court, Twelfth Judicial District. San Mateo County.

The tax deed offered in evidence was signed " Silas Hovious, Sheriff and Tax Collector of the County of San Mateo, by John Ames, Under-Sheriff." The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*C. N. & G. W. Fox,* for Appellant, argued that although there was room for doubt whether an Under-Sheriff could perform any duties except those pertaining to writs and process of a Court or judicial officer, yet that question did not arise in this case, as the deed was made by the Under-Sheriff in the name of the Sheriff. They also argued that section thirty-three of the Revenue Act of 1857 did not make the position of Sheriff and Tax Collector distinct offices, as the Act did not require the Sheriff to qualify as Tax Collector, and that the office of Tax Collector was incident to that of Sheriff; and cited *People* v. *Love,* 25 Cal. 523. They also argued that the Sheriff in making a tax deed acted ministerially; and cited *Muller.* v. *Boggs,* 25 Cal. 175; and that although the Act allowing the Sheriff to act as Tax Collector said nothing about his appointing a deputy, yet a previous Act allowed him a deputy, and under the common law rule a deputy might exercise any of the powers of his principal; and cited Allen on Sheriffs, 76.

*Horace Hawes,* and *Alexander Ely,* for Respondents, argued that the office of Sheriff was a constitutional one, and its duties were left to the Legislature to prescribe; and that a Sheriff's duties were prescribed by the Act of 1851, (Wood's Digest, 679,) and that this Act did not authorize a Sheriff to act as Collector, but allowed him to appoint an Under-Sheriff, and that all the power a Sheriff had to act as Tax Collector was derived from the Revenue Act of 1857, and that Act did

not empower the Sheriff's Under-Sheriff to perform any of the duties of Tax Collector. They also argued that the office of Tax Collector was distinct from that of Sheriff when both were united in the same person, and that a public officer could not convey a good title to the land of another otherwise than by express law; and cited on this last point Blackwell's Tax Titles, Chap. II, p. 45; *Thatcher* v. *Powell,* 6 Wheaton, 119; and 5 Peters' Condensed Reports, 27.

By the Court, CURREY, C. J.:

This action was brought to recover the possession of twelve hundred and fifty-five acres of land, and also the sum of twenty-five thousand dollars damages, the alleged value of the use and occupation of the land during its possession by the defendants from the date of the alleged ouster to the time the action was commenced, which was nearly four years. On the trial of the issue joined between the parties, it was in evidence that one L. M. Brittain became the owner of the demanded premises on the 18th of January, 1859, and at that time entered into the possession thereof. The defendant, J. W. Brittain, was in possession of the property when the action was commenced. His position was, in effect, that his possession was rightful, and that he could not be lawfully required to yield it until the plaintiff's right to it was affirmatively established. As to this question there was no controversy, but to maintain his alleged right and title the plaintiff offered in evidence a tax deed executed by virtue of a sale for taxes imposed for the fiscal year commencing in 1859. When offered, the deed was objected to on the part of the defendants, on the ground that it was executed by a person who had no authority under the statute or otherwise to execute the same. The Court sustained the objection. To this ruling the plaintiff excepted, and then with the defendants submitted the case; whereupon the Court gave judgment for the defendants.

The main point made by counsel in argument is in respect
to the authority of the Under-Sheriff to represent the Sheriff
in his capacity of Tax Collector in the sale of the property for
taxes and the execution of the deed.

### Under-Sheriff cannot act as Tax Collector.

The seventh section of the Sixth Article of the Constitution,
existing at the time the tax sale was made and when the deed
was executed, required the Legislature to provide for the elec-
tion by the people of County Clerks, Sheriffs and certain other
officers, and to fix by law their duties and compensation; and
the same section provides that "County Clerks shall be *ex
officio* Clerks of the District Courts in and for their respective
counties;" but no provision is to be found in the Constitution
under which the Sheriff, as Sheriff, may perform the duties of
Tax Collector. The thirteenth section of the Eleventh Article
of the Constitution provides that "Assessors and Collectors of
town, county and State taxes shall be elected by the qualified
electors of the district, county or town in which the property
taxed for State, county or town purposes is situated." Thus
it is seen that the paramount law of the land requires the Tax
Collector to be elected by those alone who are concerned—
that is, by the qualified electors of the district, county or town
in which the officer named is to exercise the office of Tax
Collector. To carry into effect this constitutional provision,
the Revenue Act of 1857 provides that "except in those
counties where by special Act it is provided that some other
person shall be Tax Collector, the Sheriff of each county shall
be Tax Collector in his county, and shall collect all taxes
except municipal taxes and poll taxes." The mode provided
for the election of Tax Collector is an attempt to comply with
the constitutional requirement to the effect that the Tax Col-
lector shall be elected by the electors immediately concerned.

### Offices of Sheriff and Tax Collector are distinct.

By the law, the person elected to the office of Sheriff is

invested with another distinct office, to which he is elected at the same time by the same qualified electors. Though he is elected *eo nomine* Sheriff, he is in fact elected to the office of Tax Collector, as a distinct office; otherwise the requirement of the thirteenth section of the Eleventh Article of the Constitution must be held to have been totally evaded and disregarded from the beginning. That the two offices were separate and distinct was a point recognized in *People* v. *Love,* 25 Cal. 528. In the case of *People* v. *Edwards,* 9 Cal. 292, Mr. Justice Field said: " The offices of Sheriff and Tax Collector are as distinct as though filled by different persons. The duties and obligations of the one are entirely independent of the duties and obligations of the other." We apprehend it would be a fruitless effort to attempt to demonstrate that they constitute but a single office.

The Act concerning Sheriffs prescribes what duties the Sheriff shall perform. By that Act the collection of taxes, or the sale of property because of the non-payment of taxes, is not of the Sheriff's duties. The Act concerning Sheriffs authorizes the Sheriff to appoint an Under-Sheriff, and defines what shall be his powers; but it nowhere authorizes the Sheriff, as Tax Collector, to appoint an Under Tax Collector, with powers coequal with those of the Tax Collector himself, or otherwise. When the electors designate by their votes who shall be their Sheriff, they do it with the knowledge that by virtue of his office he has authority to appoint an Under-Sheriff, and thus to clothe him with the powers which the Act concerning Sheriffs declares he shall possess. When they vote for the same person to be their Tax Collector, they know that the law nowhere provides for a delegation of his authority to other hands. They are willing, it is to be presumed, to intrust the delicate and responsible duty of collecting the taxes, and, if necessary, of enforcing their payment, to the person whom they elect for the purpose, while they would not consent to intrust his appointee with that duty.

The fifteenth section of the Act concerning Sheriffs provides that " during the absence of the Sheriff from his county, or

where the Sheriff from sickness or any other cause is unable to discharge the duties of his office, the Under-Sheriff shall exercise the powers and perform the duties of that office, and at other times shall perform such services relating to the duties of Sheriff as may be required of him by that officer." (Laws 1851, p. 192.) What are the powers, duties and services comprehended by the language so employed? The only answer which can be made to the inquiry is, those powers, duties and services enumerated in the Act itself. If by legislation subsequent to the Act of 1851, other powers and duties than those mentioned in that Act have been conferred upon the Sheriff as Sheriff, then those additional powers and duties are conferred upon the Under-Sheriff upon the same conditions as those expressed in the Act of 1851. But the powers and duties of the Tax Collector do not pertain to the office of Sheriff, though the Sheriff is elected by the qualified electors of the particular district, county or town, the Tax Collector.

We deem it unnecessary to say more in the maintenance of the views above indicated. We are of the opinion the deed was properly excluded on the ground assigned for the objection made to it on behalf of the defendants.

Judgment affirmed.

Neither Mr. Justice RHODES nor Mr. Justice SANDERSON expressed any opinion.