THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANTS, *v.* W. B. ROSS, J. M. BRITE, WM. R. JORDAN, A. T. LIGHTNER, W. H. WILLIAMS, BLACKBURN WYATT, AND J. J. MURPHY, RESPONDENTS

SHERIFF AND TAX COLLECTOR.—The offices of Sheriff and Tax Collector, although held by the same person, are separate and distinct offices.

OFFICIAL BONDS OF PERSON HOLDING TWO OFFICES.—In the absence of a statute to the contrary expressly, a person holding two separate offices must give two separate official bonds.

STATUTORY CONSTRUCTION.—If a statute providing for the organization of a new county contains no provision in relation to official bonds, they must be given in conformity to the general law upon that subject.

APPEAL from the District Court of the Sixteenth District, Kern County.

The plaintiffs appealed.

By the statute enacting and organizing the County of Kern, it was provided that the Sheriff of the County should be, *ex officio*, Tax Collector. The statute contained no provision to the effect that his official bond as Sheriff should serve also as his official bond as Tax Collector, or that he should be required to give but one bond, which should be for the faithful performance of the duties of both offices. The respondent, Ross, was elected Sheriff, and gave a bond with his co-defendants as sureties, of which the conditions were as follows: "The conditions of the above obligations are such, that whereas, at a special election held in and for the County of Kern, on the 12th day of July, 1866, the above bounden William B. Ross was duly elected Sheriff, and *ex officio* Tax Collector for said county; Now, therefore, if the said William B. Ross shall well and faithfully perform all the duties of said office, then this obligation shall be void; otherwise, to be and remain in full force and effect."

This action was brought upon the foregoing bond, to recover of Ross and his co-defendants the amount of an alleged defalcation in the office of Tax Collector. The defendants demurred, upon the general ground that the bond declared on was the bond of Ross, as Sheriff only, and not as Tax Collector, and that, therefore, no recovery could be

had upon it for a non-performance of the duties of the office of Tax Collector. The Court below sustained the demurrer upon that ground.

*Attorney General* and *Thomas Laspeyre,* for Appellants.

*Coffroth & Spaulding* and *J. W. Freeman,* for Respondents.

SANDERSON, J., delivered the opinion of the Court:

The offices of Sheriff and Tax Collector of Kern County, though held by the same person, are, nevertheless, separate and distinct offices. (*Lathrop* v. *Brittain,* 30 Cal. 680.) In the absence of any statute expressly providing that one official bond only shall be required of a person who holds both offices, and that such bond shall be for the faithful performance of the duties of both offices, a separate bond for each office is as much required as if they were held by different persons. (*People* v. *Love,* 25 Cal. 520.)

The statute creating Kern County contains no provision to the effect that the bond of the Sheriff shall also be his bond as Tax Collector. It contains no provision whatever upon the subject of the Tax Collector's bond, but leaves it to the general law. (Stats. 1861, p. 419, Secs. 25 and 26.) While, under the revenue law just cited, two offices, in certain counties, are allowed by the twenty-fifth section to be held by the same person, as in the statute creating the County of Kern, yet, by the twenty-sixth section, each Tax Collector, irrespective of the fact whether he is also the incumbent of some other office, is required to give a separate bond, as therein provided. It is, undoubtedly, within the power of the Legislature to provide that there may be but one bond for both offices, as was done, in effect, under the revenue law of 1854 (*People* v. *Love, supra*); but since it was decided by this Court that the offices of Sheriff and Tax Collector, under the Constitution, are separate and distinct offices (*People* v. *Edwards,* 9 Cal. 286), it has not been the practice of the Legislature to do so, so far as we are advised. As was said in the case of the *People* v. *Edwards,* the offices

are not so blended that the bond executed for the faithful performance of the duties appertaining to the one would embrace, in the absence of a statute to that effect, the obligations belonging to the other.

Had no provision been made in the statute creating the County of Kern, in relation to official bonds, the whole matter would have fallen within the general laws upon the subject. (See laws upon the subject of official bonds, and the offices of Sheriff, Clerk, Recorder, etc.) So far as it deals with the subject, however, and no further, it takes it out of the operation of those laws.

Judgment affirmed.