# LANE *v.* COOS COUNTY.

SHERIFFS—THEIR DUTIES.—Under sec. 16, art. 7 of the constitution, the duties of the sheriff are not necessarily confined to the execution of orders, judgment and process of the courts, the service of papers and the like, but may include the performance of such other duties as may be prescribed by law.

TAX COLLECTOR NOT A DISTINCT OFFICE.—When the legislature imposed the duty of collecting the taxes upon the sheriff of each county, and required him to file an additional bond to secure the increased public trust confided to him, no new or distinct office was created thereby. The effect was to impose additional duties only, and not to confer an additional office upon the sheriff of each county, and consequently the compensation which the sheriff received under the act of 1880, providing the compensation for sheriffs and clerks, etc., includes his compensation as tax collector, and was all the compensation to which he was entitled.

APPEAL from Coos County.

*S. H. Hazard,* for appellant.

*J. W. Hamilton, district attorney,* for respondent.

By the Court, LORD, C. J., WATSON, J., concurring:

This was an action upon a written submission made by the parties, the object of which was to ascertain whether the plaintiff, as sheriff of Coos county, the defendant in this action, is entitled to the per centum prescribed by the revenue act for the collection of taxes during a certain period alleged in the submission. The inquiry arises out of an act passed at the last session of the legislature providing compensation to the sheriffs and clerks of certain counties therein enumerated, which was subsequently declared void by this court. From the taking effect of that act to the time it was judicially pronounced void, the appellant received the compensation provided by the act, but insists, notwithstanding this, that he is entitled to receive the per centum allowed by the act of 1874 for the collection of taxes, because the office of sheriff and tax collector are separate and distinct offices. (Session Laws, 1880, p. 125; Session Laws, 1874, sec. 5, p. 125; *Manning* v. *Klippel,* 9 Oregon, 367.)

It is not disputed that the act of 1880 did not provide the full compensation to be paid the sheriff for services rendered as such, but the argument is, that it is immaterial

whether that act is valid or void, the services which he renders in the collection of taxes, and the per centum allowed by law therefor, are not incident to his office as sheriff, but as tax collector. The particular question then, presented for our decision is, is the office of sheriff and tax collector separate and distinct offices? Or in other words, are there two distinct offices—that of the sheriff and that of the tax collector? If there are two, then the claim of the appellant to the per centum must be allowed, if not, he has received the full compensation for his services, and it must be disallowed.

The constitution of this state provides: "There shall be elected in each county by the qualified electors thereof at the time of holding general elections, a county clerk, treasurer, *sheriff*, coroner and surveyor, who shall severally hold their offices for the term of two years." (Sec. 6, art. 6.) A tax collector, as an officer *per se*, is not named in the constitution, but the succeeding section undoubtedly confers the power upon the legislature, when the exigency of the public service require it, to provide for the election or appointment of such officer. That section provides: "Such other county * *. officers as may be necessary, shall be elected or appointed in such manner as may be prescribed by law." (Sec. 7, art 6.)

Under this provision the legislature may provide for the election of a tax collector *per se* as they have provided for the election of an assessor for each county, although such officer is not enumerated in section 6, art. 6. (General Laws, p. 694.) But the constitution further provides: "A sheriff shall be elected in each county for the term of two years, who shall be the ministerial officer of the circuit and county courts, and shall perform such other duties as may be prescribed by law." (Sec. 16, art. 7, Const.)

Now under this provision of the constitution, the duties of the sheriff are not necessarily confined to the execution of orders, judgments and process of the county, the service of papers in actions and the like, but may include the performance of "such other duties as may be prescribed by law." Nor can it make any difference that the "other duties," which the legislature is authorized to impose, are even incongruous in their nature with those already existing, when the authority to impose such duties is derived from the paramount law. And whatever "other duties" are prescribed by the legislative authority, the effect is only to impose additional duties upon the sheriff, and not to confer an additional office, unless the intent of the legislature is otherwise plainly manifested. And when the legislature imposed the duty of collecting the revenue, in the shape of taxes, upon the sheriff of each county, and required him to file an additional bond to secure the increased public trust confided to him by the law, no new or distinct office was created thereby, but simply other or additional duties were prescribed by the legislature in pursuance of the authority invested in them by the constitution. (General Laws, pages 762, 763 *et seq.*) Except to say in the first section of the revenue act that the sheriff shall be tax collector in each county, a tax collector, *es nomine*, is not named afterwards in that act. It is the sheriff who is to collect the taxes, to give the required bond, and to do all the numerous acts enumerated in the revenue act. It is no more in effect than saying the sheriff shall collect the taxes, and making the duty of collecting the taxes a part of the duties of his office. Nor are the duties of collecting the revenue incompatible with, or incongruous in their nature, with the office of sheriff.

To a similar objection in *Wood et al.* v. *Cook*, 31 Ill.,

274, it was said, "there is nothing in the office to inhibit the legislature from imposing other duties upon them, even if incongruous in their nature. But there is really no incongruity between the collection of taxes on a warrant or tax list, which empowers the sheriff to levy and sell in case of default, and the collection of money on an ordinary *fi fa*. In tact the one is quite germane to the other." And the court in construing the revenue act of 1845, which provided that the sheriff should be *ex officio* the collector of taxes, held that it merged the office and duties of collector into those of sheriff.

In *Kilgore* v. *The People*, 76 Ill., 548, the court, in construing section 144 of the revenue law, in which it is declared that the treasurer of counties under township organizations, and the sheriffs of counties not under such organization, shall be *ex officio* collectors of their respective counties, say: "This is a duty the legislature had a right to impose upon those officers, and to require of them additional bonds for the performance of such additional duties. No office was created thereby, but a legislative order that all county treasurers in certain counties shall, by virtue of their office of treasurer, collect the revenue of the county. Should one of these treasurers fail or refuse to give bond for the faithful performance of the duty of collecting, the office may be declared vacated. What office? The office of treasurer, there being no other." And the result reached by the court on a careful re-examination of the case of *Wood et al.* v. *Cook, supra*, was to reaffirm the principles therein enumerated, and hold that the proper construction of the statute is to consider it as imposing additional duties only, and not as conferring an additional office upon the county treasurer. (*Broadwell* v. *The People*, 76 Ill., 555;

*Hughes et al.* v. *The People*, 82 Ill., 79; *Price* v. *Adamson*, 37 Mo., 151.)

In *Jarnagagin* v. *Atkinson*, 4 Humph., 470, which was a motion by the sheriff against his deputy for failing to pay over taxes collected by him as deputy sheriff, the court say: "It is said the bond in this case, executed by the deputy, is not broad enough to cover the responsibility; that the bond is given for the faithful performance of his duty as deputy sheriff; that the office of the sheriffalty and collector of the revenue are distinct and separate offices, and the deputy sheriff is not deputy collector. It has been held in this state that the collection of the revenue is devolved by the law upon the sheriff, and although he gives a bond as collector, yet he collects as sheriff, and not under a distinct, separate authority, created by another office. This being so, the deputy sheriff may collect, and if in doing so, he acts so negligently or faithlessly as to discharge his principal, he is responsible therefor as deputy sheriff, and, of course, his principals."

It is true it has been held by the supreme courts of California and Mississippi, that the offices of sheriff and tax collector, although held by the same person, are separate and distinct offices. (*People* v. *Ross*, 38 Cal., 76; *Moore et al.* v. *Foote*, 32 Miss., 480.) But it is thought that these decisions are based on some provisions of their constitutions or statutes differing from ours, with which we have not been favored. By our law, the sheriff can only collect the taxes by virtue of his office as sheriff, and in no other capacity. This duty the legislature has seen fit to devolve upon him and attach to the duties of his office. The fact that this duty might be segregated from the office of sheriff and made to constitute a separate and distinct office, with a tax collector as an officer *per se*, whenever the legislative author-

ity may deem it best, and so prescribe, is not sufficient of itself to constitute such office.

In *The State, ex. rel., &c.* v. *The Judges, &c.,* 21 Ohio St., 14, where the validity of an act imposing additional duties upon the judges of common pleas was contested upon the ground that the performance of these duties was the exercise of an office, the court say: "The act does not create or invest them with a new office. What they are authorized to do they can only do by virtue of their offices as judges. It does not follow from the fact that the new duties or powers might have constituted a new office, that therefore they do constitute such office. New duties may as well be attached to an existing office, as that part of the duties of an existing office may be assigned to a new one."

We are therefore of the opinion that the legislature, in imposing the duty of collecting the taxes upon the sheriff, did not intend to confer upon him an additional office, but that the office of sheriff and tax collector are one and inseparable as provided by our law, and consequently that the compensation which the sheriff received, under the act of 1880, included his compensation as tax collector, and was all the compensation to which he was entitled. From these views it follows that the judgment of the court below must be affirmed.

Judgment affirmed.