[No. 8642.   Department Two. — January 30, 1886.]

TOWN OF REDWOOD CITY, APPELLANT, v. HENRY
GRIMMENSTEIN ET AL., RESPONDENTS.

REDWOOD CITY — MARSHAL AND EX-OFFICIO TAX COLLECTOR — BOND OF —
LIABILITY OF SURETIES. — Section 13 of the act of March 30, 1874,
amending the act of March 27, 1868, incorporating the town of Redwood
City, and providing that the marshal thereof shall be *ex-officio* tax collector,
and as such shall be vested with the same power and authority conferred
on tax collectors of state and county taxes, adds new duties to the office
of marshal, but does not create a new office; and for a default of such
officer as collector of taxes, the sureties on his official bond as marshal
are liable.

APPEAL from a judgment of the Superior Court of
San Mateo County.

The action was brought on the official bond of the de-
fendant Grimmenstein, given by him to secure the faith-
ful performance of his duties as marshal of the town of
Redwood City, to recover a sum of money alleged to have
been collected by him for taxes, and which he had failed
to pay over to the town.   The answers of the defendants
alleged that the money was collected by Grimmenstein
in his official capacity of tax collector and not of marshal.
Demurrers by the plaintiff to the answers were overruled,
and a judgment rendered dismissing the action as to the
sureties on the bond.   The further facts are stated in
the opinion.

*Fox & Ross*, for Appellant.

*Kincaid & Fitzpatrick*, for Respondents.

THORNTON, J. — Action against principal and sureties
on the official bond of defendant Grimmenstein.

The court erred in rendering judgment for defendants,
sureties of Grimmenstein.   The judgment was rendered
on the ground that the complaint did not state facts
sufficient to constitute a cause of action against the de-
fendants, sureties of Grimmenstein on his bond.   In that,

the complaint was ample in its allegations to show a liability on the part of defendants.

It appears that the town of Redwood City (plaintiff here) was first incorporated by an act of the legislature approved March 27, 1868. (See Stats. 1867–68, p. 411.) This act was amended by the act of March 30, 1874. (Stats. 1873–74, p. 946.) This latter act, so far as concerns this case, remained in force and unaltered up to the time that this action was commenced. By section 13 of this latter act it was provided that "the marshal shall be *ex officio* tax collector, and as such shall be vested with the same power and authority conferred on tax collectors of state and county taxes, and shall be governed by the laws of this state now or hereafter in force, except in so far as his duties shall be regulated or modified by ordinance. He shall keep a true and accurate account of all moneys collected by him, and from what source and what account received, and report the same to the treasurer on the first Monday of each month, which report shall be duly verified under oath. He shall give a receipt for all taxes and assessments, showing a description of the property, to the party paying the same."

By this act the marshal had added to his duties those of tax collector. The language of the act (sec. 13) has plainly this meaning. He became such by virtue of his office of marshal. New duties were added to the office of marshal, but no new office created. That no new office was intended to be created is further shown by section 3 of this act, in which it is provided that the government of the town of Redwood City shall be vested in a board of trustees, consisting of five members, a marshal, assessor, treasurer, and police justice, and such other officers as are hereafter authorized to be appointed by said board of trustees.

The failure to mention tax collector, while the marshal and other officers are mentioned, and the duties of tax collector imposed on him by section 13 above referred to, show clearly that the legislature did not intend by

section 13 to create any such new office as that of tax collector.

It is said that it is provided in section 4 that the assessor, treasurer, marshal, police justice, and the officers herein-after named shall each file a bond, and as the tax collector is hereinafter named, that he is one of the officers to give bond. This is a mode of argument styled *petitio principii*, or begging the question. It assumed the very point in dispute, that the tax collector is one of the officers hereinafter named. The foregoing has already answered this point. But in fact the officers "hereinafter named" plainly appear in the act. They are inspector, pound-master, and superintendent of streets named in section 7, subdivisions 10, 16, and 17, and may be, license tax collector named in subdivision 18 of same section. Superintendent of streets is also named in section 16. As those officers are hereinafter named (though to be appointed subsequently by the board of trustees makes no difference), it is useless to be searching for other officers, especially when the act does not name them as separate and distinct officers.

In our judgment, the bond of the marshal related to all duties imposed on him by law, as well that of collecting taxes as any others, and that the bond herein bound the sureties for his defaults in collecting the taxes.

Section 4108, Political Code, has no application to this case. It relates only to county officers. Nor does the case of *People* v. *Ross*, 38 Cal. 76, apply. That case related to a county officer. Ross was sheriff of Kern County, and was made by statute tax collector by virtue of his office of sheriff. But the court held that these offices were made separate and distinct offices by the constitution, and therefore a bond had to be given for each office. On this provision of the constitution the case turned, as is plainly apparent, from what is said in the opinion in relation to *People* v. *Edwards*, 9 Cal. 286, that since the decision in that case "the offices of sheriff and tax col-

lector under the constitution are separate and distinct offices." *Lathrop* v. *Brittain*, 30 Cal. 680, goes on the same grounds as *People* v. *Edwards*.   There is nothing in *People* v. *Love*, 25 Cal. 521, in conflict with what is said herein.

It follows from the foregoing that the judgment and order must be reversed, and the cause remanded for a new trial.

So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.