[No. 12581.   Department Two. — June 19, 1888.]

THE PEOPLE, RESPONDENT, v. J. B. BURKHART
ET AL., APPELLANTS.

SHERIFF — TAX COLLECTOR — OFFICIAL BOND. — The offices of sheriff and tax collector are distinct, and require separate bonds, though held by the same person. When a sheriff is ex officio tax collector, the obligation to pay over taxes collected pertains to his duty as tax collector, and not as sheriff.

ID. — STATUTE OF LIMITATIONS. — The limitation of an action against a tax collector and the sureties upon his official bond for failure to pay over taxes collected is not that of two years prescribed by subdivision 2 of section 339 of the Code of Civil Procedure, concerning an action against a sheriff, though the sheriff be tax collector ex officio; but is four years from the time of his dereliction of duty, as prescribed by section 337 of that code.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Rowell & Rowell,* for Appellants.

*Andrew B. Paris,* for Respondent.

FOOTE, C. — This is an action against a tax collector and the sureties on his bond, as such, for taxes collected by him and not paid over to the county treasurer as required by law. The plaintiff had judgment as prayed for, and from that the appeal is prosecuted.

The only point made for the reversal of the judgment is, that the action was barred by the statute of limitations of two years, under subdivision 2 of section 339 of the Code of Civil Procedure.

From the findings it appears that the failure to pay over the taxes as required by law had taken place about two years and eleven months prior to the bringing of the action, and that the defendant was sheriff and *ex officio* tax collector of his county. As to the time within which actions must be initiated to save the bar of the

statute, section 339 of the Code of Civil Procedure reads as follows:—

"Within two years:—

"2. An action against a sheriff, coroner, or constable, upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the non-payment of money collected upon an execution," etc.

It is claimed that the defendant was tax collector because he was sheriff, and therefore the obligation he incurred by not paying over the taxes he had collected was as a sheriff, and not as tax collector, and hence the statute *supra* had run in his behalf.

It is true, he was tax collector *ex officio* because he was sheriff, but when he became tax collector he was both sheriff and tax collector. He was liable faithfully to perform the duties pertaining to both offices, and gave separate bonds for such performance.

The offices are distinct, although held by the same person, and required separate bonds. (*People* v. *Ross,* 38 Cal. 76; County Government Act, secs. 57–59; *County of Butte* v. *Morgan,* 76 Cal. 1.)

"The duties and obligations of the one are entirely independent of the duties of the other. . . . . They are not so blended that the bond executed for the faithful performance of the duties appertaining to the one would embrace, in the absence of the statute, the obligations of the other. . . . . The duties of sheriff as such relate to the execution of the orders, judgments, and processes of the court; . . . . they have no relation to the collection of revenue." (*People* v. *Edwards,* 9 Cal. 292.)

It is clear that the obligation which the defendant incurred was by virtue of his failure to perform his duty as tax collector, and that being so, section 337 of the Code of Civil Procedure would have applied had four years elapsed from the time of his dereliction of duty until suit brought. Section 339, subdivision 2,

*supra*, did not apply, and the action is not barred. (*People* v. *Heynemann*, 71 Cal. 153.)·

We therefore advise that the judgment be affirmed.

HAYNE, C., concurred.

BELCHER, C. C., did not take part in this opinion.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.