[Civ. No. 7839. First Appellate District, Division One.—December 5, 1931.]

CITY OF SAN BRUNO (a Municipal Corporation), Appellant, v. NATIONAL SURETY COMPANY (a Corporation), Respondent.

R. A. Rapsey, City Attorney, for Appellant.

R. P. Wisecarver for Respondent.

THE COURT.—This is an action by the City of San Bruno, a municipal corporation, to recover upon the official bond of its city clerk. A demurrer, both general and special, was sustained to the complaint, and plaintiff having failed to amend judgment was entered in favor of defendant Surety Company. From this judgment plaintiff has appealed.

The complaint alleged that until April 16, 1928, Nettie A. Willits was the duly elected, qualified and acting city clerk and assessor, and the duly appointed, qualified and acting deputy marshal and deputy tax collector of the municipality; that on April 7, 1927, defendant, as surety for said Willits, executed its bond to plaintiff, reciting the fact that Willits had been elected city clerk of the municipality, the condition of its obligation being that "if said Nettie A. Willits shall well, truly and faithfully perform all official duties required by law, and all such additional duties as may hereafter be imposed upon her as such officer by any law of the state of California, then the above obligation to be void; otherwise to remain in full force and effect"; that plaintiff's board of trustees on or about June 15, 1918, adopted an ordinance, numbered 40, which authorized the marshal to appoint the city clerk his deputy to act in his place and stead in the matter of the collection of taxes, and the city clerk to accept the appointment; that at the time of the

execution of the bond in question "said Nettie A. Willits was and is duly and regularly appointed, qualified and acting as and is duly and regularly authorized by the city marshal of the City of San Bruno to act as the deputy marshal of the City of San Bruno for the purpose of acting in the place and stead of said marshal in the matter of the collection of taxes; that at the time of the execution and delivery of said bond . . . said Nettie A. Willits, pursuant to Ordinance number 40 . . . duly and regularly accepted the aforesaid appointment of said city marshal for the purpose of acting in the place and stead of said city marshal in the matter of the collection of taxes. . . . That following the execution of said bond . . . and during the time for which said bond was given . . . said Nettie A. Willits did in her official capacity as city clerk, city assessor, and *ex-officio* deputy marshal and deputy tax collector, receive for the account and use of said City of San Bruno sums of money amounting to $2,724.06.'' These sums were collected from certain taxpayers, and the complaint further alleged that they were received and embezzled by Willits in the month of December, 1927. It was further alleged that on or about December 31, 1927, Willits, as city clerk, filed in that office a statement purporting to be a full statement of the receipts and expenditures and a full statement of the financial condition of the city, as required by law, but from which any mention of the above collections was omitted; that she subsequently failed and refused to make a quarterly statement for the quarter ending March 31, 1928, as required by law, showing the receipts and expenditures of the city for that quarter, and that she has failed and neglected to account for any part of the above sum; also that due to her failure to file a correct statement on December 31, 1927, and to make the quarterly statement mentioned the city was unable to prevent the embezzlement charged.

As stated the alleged embezzlement occurred before it became her duty to file the statements, and no facts are alleged showing that the city suffered loss or damage by reason of her failure to do so.

Section 880 of the Municipal Corporation Act (Act 5233, Deering's General Laws) prescribes the powers and duties of the marshal in municipalities of plaintiff's class. It

provides that he shall collect all taxes levied by the board of trustees except as therein provided, and receive from the clerk all licenses and collect the same. It is also his duty at the expiration of any month to pay to the treasurer all taxes and other funds of the city collected by him during the month, and upon the receipt of any tax list give his receipt for the same to the clerk, and upon depositing with the clerk the delinquent tax list to take the latter's receipt therefor; and he "may appoint, subject to the approval of the board of trustees one or more deputies, for whose acts his bondsmen shall be liable."

Section 878 of the same act deals with the duties of the city clerk. This officer is not authorized to collect taxes or licenses, nor is provision made for the payment to him of any moneys for the use of the city. He is required, however, to keep records of all sums received by the city for licenses and taxes, with the commissions deducted, and of all warrants drawn on the treasury, showing all transactions between the city and its marshal and treasurer, it being the duty of the latter to file with the clerk duplicates of receipts given for all moneys paid into the treasury. This section also provides for the filing by the clerk of the quarterly statements which the complaint alleged that the clerk failed and refused to file; and that "he shall perform such services as this act and the ordinances of the board of trustees shall require."

Except as above the act requires no other duties from the clerk. *Ex officio* no duty to act as deputy marshal rested upon the incumbent, and that duty could only be imposed by an ordinance of the city. No requirement was made by the ordinance that such officer accept appointment as deputy marshal, nor were any of the duties of the latter office imposed upon the clerk as such.

The provisions of the statute and ordinance contradict plaintiff's allegations that there was an embezzlement by the city clerk; and this averment being, in view of the facts, but a legal conclusion, tendered no issue and was therefore demurrable. (*Callahan* v. *Broderick*, 124 Cal. 80 [56 Pac. 782].)

While it is clear that the alleged embezzlement was by Willits in her capacity as deputy marshal and not as city clerk, plaintiff nevertheless contends that "the com-

plaint sets forth guilty knowledge by the city clerk of her own embezzlement in her various characters, and the suppression of that knowledge by a falsified statement, to the damage of plaintiff''.

As before stated, the false statement caused no damage to plaintiff, the loss having previously occurred, and no fact is alleged supporting the conclusion that the loss could have been retrieved had a true statement been filed. It is well settled that a mere dereliction without damage is insufficient to sustain an action on an official bond, and that the liability on such bond extends only to cases where the neglect or misconduct is the proximate cause of the loss. (*Oakland Bank of Savings* v. *Murfey*, 68 Cal. 455 [9 Pac. 843] ; *Riverside Portland Cement Co.* v. *Maryland Casualty Co.*, 46 Cal. App. 87 [189 Pac. 808].) ▮ Also that when a person holds two distinct offices the bond of one does not cover his duties in the other (*People* v. *Edwards*, 9 Cal. 286; *People* v. *Ross*, 38 Cal. 76), even though the holder of the first office is *ex officio* the holder of the second (*People* v. *Burkhart*, 76 Cal. 606 [18 Pac. 776]), nor are his bondsmen answerable for the dereliction of duties not pertaining to the office for which the bond was given. (*San Luis Obispo* v. *Farnum*, 108 Cal. 562 [41 Pac. 445].)

In view of the facts alleged and the authorities cited the demurrer was properly sustained.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 4, 1932.