PONDER, Justice.
 

 In 1919. the police jury of Jackson Parish created road district No. 1, embracing the territory of the entire Parish of .Jackson, and. a bond issue of $500,000 was voted. Five hundred negotiable bonds of the par value of $1,000 each were issued and sold. The road-district was crea,ted under the provisions of Act.No.-30 of 1917, Ex.Sess., and
 
 *624
 
 the officers of the policy jury were designated as the officers of the road district. A. H. May, the treasurer of the Parish of Jackson, was designated as the treasurer of the road district but did not give the special bond required under the provisions of Act No. 30 of 1917, Ex.Sess., for the performance of his duty as treasurer of the road district. Some time in 1932 the police jury, as governing authority of the road district, set up a sinking fund for the payment of the bonds and to reduce the surplus. From the funds of this sinking fund three of the unmatured bonds were acquired but for some reason were not cancelled. In 1936 there were 403 of these bonds outstanding and the police jury decided to refund them, which
 
 was-
 
 authorized-.and carried out. During the refunding proceedings and during the exchange of the old bonds for the new ones, A. H. May was parish treasurer and treasurer of the road district. The three boñds acquired through the sinking fund and three bonds executed to refund them were in the custody of A. H. May. The three refunding bonds were either disposed of by A. H, May or stolen. The bonds were, traced and found in the hands of a third party. The third party claimed to have purchased them from one R. E. Budd, an employee of an investment company which was handling the refunding of the bonds by the road district. The three original bonds as well as three other original bonds are missing and have never been presented to the road district for payment. A. H. May claims that R. E. Budd stole the three refunding bonds that are now held by a third party, while on the other hand Budd claims that he purchased them from May, who claimed they were his individual property, and that he had paid cash for them when they were delivered. On August 13, 1935, A. H. May, as treasurer of the parish, executed a bond, for the period beginning July 1, 1935, and ending June 30, 1937, in the sum of $10,000, as principal, with the Fidelity & Deposit Company of Maryland as surety. The conditions of this bond being that whereas the principal had been elected or appointed for a term of such period that the principal would faithfully perform the duties incumbent upon him as parish treasurer and account for all monies coming 'into his hands as such officer. Nine bonds calling for $1,000 each were missing. The three original bonds that were acquired through the sinking fund which were not cancelled, the three refunding bonds and three other bonds of the original issue. The road district, through the police jury as its governing authority, instituted this suit against A. H. May and the Fidelity & Deposit Company of Maryland seeking to recover $9,000, the amount called for in the nine bonds,. with interest and $3,000 attorneys’ fees. The defendant, surety company, interposed exceptions of no right of action, no cause of action and prematurity, which were overruled by the trial court. The defendant, surety company, answered the suit raising three defenses, viz: (1) that the parish treasurer’s bond did not cover the duties of A. H. May as treasurer of the road district and that the surety' is not liable for the acts of the treasurer of the road district, (2) in the alternative that the road district has suffered no damage by the loss-of the six original bonds because they
 
 *626
 
 have not been paid, and (3) in the further alternative, no loss or damage has been suffered by the loss of the three refunding 'bonds except $100 paid out as interest. ■ Upon these issues the case was tried and submitted. Some time after the case was submitted, the case was reopened on the motion of the plaintiff over the objection of the defendant, surety company, and evidence was admitted to the effect that the bonds were the property of Jackson Parish and to the effect that the suit was instituted by the road district as agent of the parish. After submission the court gave the plaintiff judgment for $6,000, cost and interest. The defendant, surety company, has appealed.
 

 After the appeal was lodged in this court, the plaintiff moved to dismiss the appeal on the ground that A. H. May, the principal, has acquiesced in the correctness of the judgment of the lower court and that the judgment being final as to the principal it is final as to the surety on the bond. It is contended that the judgment is res adjudicata. In connection with the motion to dismiss the plaintiff moves to supplement the transcript and for an order from this court to the Clerk of Court of Jackson Parish ordering him to prepare and file a supplemental transcript in order to incorporate in the record proceedings filed pertaining to this suit since the preparation of the original transcript. The proceedings the plaintiff wishes to incorporate in the transcript are to the effect that A. H. May, the principal, has acquiesced in the correctness of the judgment of the lower court since this appeal was taken. The defendant, surety company, has moved to strike the motion of plaintiff to supplement the transcript from the record on the ground that the document sought to be incorporated in the transcript is ex parte and was filed after the lower court was divested of jurisdiction by this appeal.
 

 In support of the motion counsel for the plaintiff cites Article 3060 of the Revised Civil Code, the case of Fusz & Backer v. Trager & Noble, 39 La.Ann. 292, 1 So. 535 and the case of McCloskey, Bigley & Co. v. Wingfield & Bridges, 32 La.Ann. 38.
 

 The cases cited by the plaintiff are not in point because they involve the rights of a surety on a release or forthcoming bond in attachment proceedings. Under the provisions of Article 259 of the Code of Practice the rights of the surety are fixed with reference to such bonds. It was held in the cited cases that the surety’s obligation is to satisfy the judgment against his principal under the provisions of Article 259 of the Code of Practice. In the instant case the judgment is solidary. Moreover, the plaintiff is seeking to recover on a bond, given for the performance of the duties as parish treasurer, a loss occasioned by the treasurer of a road district. The decisions cited by the plaintiff to the effect that the surety is bound by the judgment against his principal are cases involving sureties on forthcoming or release bonds furnished in judicial proceedings and are not precedent governing the present issue. The fact that the principal has acquiesced in the judgment cannot bar the surety from contesting the correctness of the judgment. The motion is denied
 
 *628
 
 because the failure of the principal to appeal cannot deprive the surety, who is sought to be solidarily held, of its right to have this case reviewed by this court. Parks v. Hall, La.App., 182 So. 347; Hopkins v. National Surety Company, 154 La. 61, 97 So. 297; Horsthemke v. National Surety Company, 151 La. 55, 91 So. 544.
 

 The parties to this litigation concede that the treasurer of a road district or sub-road district was required to give a special bond under the provisions of Act No. 30 of 1917, Ex.Sess. Act No. 30 of
 
 1917,
 
 Ex.Sess., has been superseded by Act No. 118 -of 1921, Ex.Sess. The dispute is confined to the interpretation of Act No. 118 of 1921, Ex.Sess., and especially Section 8 of the Act. The appellant contends that the treasurer of the police jury is required under this act, also, to give a special bond for the performance of his duties as treasurer of the road district and that it is not liable as surety for the parish treasurer for any loss occasioned by the failure of the treasurer of the road district to perform his . duties. On the other hand, the appellee contends that Section 8 of the Act requires the treasurer of the police jury to give a special bond only when the road district or sub-road district is composed of territory lying in two or more parishes and that by not requiring a special bond to be given by the treasurer when, the road district is composed .of territory within the parish, it was the intention of the Legislature that the bond of the treasurer of the parish should cover the performance of the duties of the treasurer while acting as ex-officio, treasurer of the road district. It is conceded that the issue here presented has never been determined by this court..
 

 Act No. 118 of 1921, Ex.Sess., provides for the creation of road districts and sub road districts and it further provides in Section 8 as follows: “The officers of the police jury of the parish in which the road district or sub-road district is located shall be the officers of the road districts and sub-road districts created hereunder. They shall serve without extra compensation. Where a road district or sub-road district is created hereunder composed of territory partly within two or more parishes, the officers of the police jury of the parish furnishing the most territory shall be the officers of the road district or the sub-roád district. The treasurer of the road district or sub-road district, as herein provided, shall furnish a special bond to be fixed by the governing authority for the faithful performance of' the duties of his office as such, and the premium thereof shall be paid by the road district or sub-road district.”
 

 Act No. 30 of 1917, Ex.Sess., was repealed by Act No. 118 of 1921, Ex.Sess. However, the act contains a saving clause to the effect that proceedings heretofore taken upon the creation of road districts and sub-road districts under the authority of the Constitution and laws of the State then in effect are not to be affected and that all such road districts and sub-road districts heretofore created are confirmed and ratified. ■ From a reading of Section 8 of the Act it appears that-the officers of the police jury shall be the officers of the road. district or' sub.-road. district if it, is
 
 *630
 
 composed of territory lying within the parish and when the road district is composed of territory partly within two or more parishes the officers of the police jury of the parish furnishing the most territory shall be the officers of the road district or sub-road district. After designating the officers it is provided that the treasurer of such districts shall furnish a special bond. This in our opinion applies to the treasurer of any road district created under the act. It could not have the restrictive meaning that counsel for the appellee contends because the language used, “the treasurer of the road district or sub-road, district, as herein provided,” is general and refers to any road district created under the act If it had been the intention of the Legislature to except the treasurer of any particular road district created under the provisions of the act from the requirement of giving a special bond it would have so stated. The language is general in its terms and we cannot but infer that it was the intention of the Legislature to require the treasurer of any road district created under the act to give a special bond to cover the special duties imposed on him. In discussing this act in the case of Brock v. Police Jury, 159 La. 66, 105 So. 227, we in effect stated that the grant of power with reference to the creation, of road districts and sub-road districts is general in its terms, the sole restriction being that the road district or sub-road district so created shall not embrace the whole territory of a parish. In view of the fact that the act contains a saving clause as above referred to clearly shows that it was the intention of the Legislature not to affect road districts created under prior existing laws. Since a special bond is required of the treasurer of the police jury to cover the special duties imposed on him it clearly shows in our opinion that it was the intention of the Legislature that the general bond was not to cover these special duties. While this question has not been determined by this court, yet in other states it has been held that where the Legislature requires an officer to furnish a special bond for the performance of a special duty, no liability may attach to the general bondsman in the absence of a declaration that they shall be liable. Trustees v. McBride, 221 N. Y. 231, 116 N.E. 980, 4 A.L.R. 1428; Morrow v. Wood, 56 Ala. 1; Briggs v. Manning, 80 Ark. 304, 97 S.W. 289; People v. Burkhart, 76 Cal. 606, 18 P. 776; City of San Bruno v. National Surety Co., 119 Cal.App. 27, 5 P.2d 951; Union Bank & Trust Co. v. Los Angeles County, Cal.App., 64 P.2d 1135; Vansant v. Commonwealth, 189 Ky. 1, 224 S.W. 367; State v. Young, 23 Minn. 551; Board of Com’rs of Swift County v. Knudson, 71 Minn. 461, 74 N.W. 158; State v. Felton, 59 Miss. 402; State to Use of Maries County v. Johnson, 55 Mo. 80; Governor v. Matlock, 12 N.C. 214; Broad v. Paris, 66 Tex. 119, 18 S.W. 342; Board of Education v. Rader, 42 W.Va. 178, 24 S.E. 680; Milwaukee County v. Ehlers, 45 Wis. 281.
 

 Since we have arrived at the conclusion that the general bond of the parish treasurer does not cover the special duties required of him as treasurer of the road district, it is unnecessary for us to consider the other issues raised by the appellant.
 

 
 *632
 
 For the reasons assigned the judgment of the lower court is reversed and set aside and it is now ordered, adjudged and decreed that the plaintiff’s, appellee’s, demand be rejected at its cost.