## W. T. CONNOR, JR., ET AL. v. J. N. ZACHRY.

Decided February 25, 1909.

ON MOTION TO STRIKE OUT BRIEFS.

**1.—Motion—Question of Fact—Verification.**

Where the relief sought in a motion depends upon an issue of fact it should be supported by evidence presented in some form appropriate to the proceeding.

**2.—Briefs—Motion to Strike Out—Agreement as to Filing.**

Where appellees waived filing in trial court and service of appellant's brief, it will not be struck out if filed in the Appellate Court at any time before submission. Having waived the only statutory requirement as to time of filing (Rev. Stats., art. 1417) appellees are not entitled to any other protection in the matter of time and notice, either by striking out briefs or postponing submission, unless they so stipulated in their agreement of waiver.

**3.—County Treasurer—School Fund—Bond—Pleading—Exhibits.**

A petition seeking recovery from a former county treasurer and his sureties of money belonging to the county school fund and not accounted for or paid over, declared on, described the terms of, and attached as an exhibit his bond as treasurer of the county given under Rev. Stats., art. 920, not that as treasurer of the school fund, an obligation differing in its terms and given under Rev. Stats., art. 921. A general demurrer being sustained and the case dismissed, plaintiff obtained a new trial on a motion which set up and made exhibit of the proper bond as treasurer of the school fund, both instruments being of the same date and having the same sureties. He then filed a supplemental petition stating that he attached and made exhibit of the proper bond, but not doing so nor setting out its terms, and upon such pleading recovered judgment. Held, that this constituted no sufficient amendment of the petition, which, even if the right bond had been, as it was not, made an exhibit, was not relieved from alleging its terms; that the suit still declared on a liability as county treasurer, and not as treasurer of the school fund; and that the allegations did not support a recovery against defendant and his sureties in the latter capacity.

**4.—County Treasurer—School Fund—Suit on Bond—Parties.**

An action against a former county treasurer and the sureties on his bond given under art. 921, Revised Statutes, as custodian of the county school funds, was improperly brought by his successor in office "for the use and benefit of the county." The county in its corporate capacity had no interest in the fund, and its custody by the treasurer was that of an officer of the State, not of the county.

**5.—Pleading—Official Bond—Amount.**

Petition in a suit on a bond of the treasurer of the county school fund should allege the amount of the bond. It is filed by the county judge and could not be judicially known.

Appeal from the District Court of Morris County. Tried below before Hon. P. A. Turner.

*John M. Henderson,* for appellants.

*L. S. Schluter* and *Terrell & French,* for appellee.—Zachry not only had the right to bring and prosecute the suit, but it was his duty as county treasurer and custodian of the fund in question to do so. Sayles' Civil Statutes, art. 927 (995); Trustee Lytle School District v. Haas, 24 Texas Civ. App., 433; Jernigan v. Finley, 90 Texas, 205.

*On Motion to strike out Appellants' Brief.*

HODGES, ASSOCIATE JUSTICE.—The appellee filed this motion to strike out the brief of the appellants, and alleges as grounds therefor, that a copy of appellants' brief was not filed in the lower court within the time and in the manner required by law and the rules of this court; that if it was ever filed at all in the lower court it was done about the 23d day of January, 1909, and after this cause had been set down for hearing in this court for the 28th day of January, 1909; that appellee had neither notice nor time in which to file his brief in said cause, and that no excuse, reasonable or otherwise, was given by the appellants for

the failure to file their brief in the trial court. The facts alleged in the motion are probably sufficient to entitle the appellee to the relief prayed for; but the motion is not sworn to, neither is there any accompanying affidavit, or other evidence in support of the facts alleged. Where the relief sought in a motion depends upon an issue of fact, we think that facts relied on should be supported by evidence presented in some of the forms appropriate to the proceedings. This requirement is especially applicable to motions of which no notice is required to be given to the opposing party, and of which he may have no actual knowledge. We find among the papers of this case the following agreement: "We hereby waive filing and service of the appellants' brief in this cause, and agree that the same may be filed direct by the clerk of the Court of Civil Appeals." This is signed by the attorneys for the appellee. Article 1417 of the Revised Statutes requires the appellant, or plaintiff in error, not less than five days before the time of filing of the transcript in the Court of Civil Appeals, to file with the clerk of the District Court a copy of his brief, which shall be deposited with the papers and notice thereof forthwith given the appellee, or defendant in error. This is the method prescribed by the statute for notifying the appellee, or defendant in error, of the filing of the brief by the party appealing. An inspection of the agreement filed among the papers shows that the appellee in this case has waived that statutory requirement without also imposing any condition as to when the appellant should in fact file his brief in this court. If the brief of the appellant, or plaintiff in error, is filed in this court at any time before the case is submitted, the law is complied with in that respect. Werner v. Kaster, 25 S. W., 317. We do not feel justified in striking out the brief of the appellants because of a failure to comply with the statute as to the time of filing their brief in the trial court when they were relieved of that duty by the appellee, nor because they did not give more notice of the filing to the appellee when there is no agreement requiring them to do so. We may be able to enforce agreements, when properly entered into between parties to an appeal, but we can not make them for the parties.

We are asked to postpone the submission of this case, in the event we refuse to sustain the motion to strike out the brief of the appellants, in order that the counsel for appellee may have time to prepare and file his brief. We do not think this request should be granted, for the reason that postponements interfere with the orderly disposition of the cases on the docket of this court, and frequently result in delays in the submission of other cases which the parties are anxious to have determined, and where proper diligence has been exercised to that end. When attorneys, or parties to suits, waive their rights as to the filing of briefs in the lower court, it is within their power in every instance to safeguard their rights by proper terms of agreement. To make the consequence of their failure to do this a ground for postponing the submission of cases would open an avenue to a system of practice which we do not think should receive the sanction of this court.

The motion is overruled.

*Opinion on Submission.*

HODGES, ASSOCIATE JUSTICE.—On March 24, 1903, the appellee, T. N. Zachry, filed suit against W. B. Willis, former treasurer of Morris County, as principal, and the appellants as sureties on his official bond. The petition alleges that Zachry was the then duly elected and acting treasurer of Morris County, and that he prosecuted this suit in that capacity for the use and benefit of Morris County. It sought to recover of Willis and his bondsmen the sum of $830.60 alleged to be a part of the school fund belonging to the county, which came into the hands of Willis while he was the treasurer, and for which he had failed to account in making his final settlement. This petition was signed "T. N. Zachry for himself." On the 7th day of April of the same year, and before any answer appears to have been filed, an amended original petition was filed by Zachry through his attorney, in which he makes the same allegations as to his capacity and the purpose for which the suit was instituted, and makes substantially the following as the statement of his cause of action: That Willis was elected treasurer of Morris County in November, 1898, and on the 15th of the same month executed a bond with the appellants as his sureties, and took the oath of office as prescribed by the Constitution and law; that among the various conditions of the bond was that "The said Willis as such treasurer shall faithfully perform and discharge all the duties required of him by law as county treasurer, and shall pay over all money that shall come into his hands during the term of his office; a copy of which said bond is hereto attached, marked 'Exhibit A,' and made a part of this petition;" that Willis' term of office expired on the —— day of November, 1900; that during his incumbency large sums of money which belonged to Morris County, known and designated as the "county school fund," came into his possession as such treasurer, and it became his duty to account to Morris County for the money in his final settlement, or to pay it out according to law. It is further represented that the fund collected and received by Willis was money that had been apportioned and set apart to the county of Morris by the State of Texas from the public school fund, and some of it was interest which became due and payable on the indebtedness due to Morris County for its school lands which had theretofore been sold by said county; that at the expiration of Willis' term of office it became his duty to make an official settlement and to account for all the aforesaid funds which he had received and collected which he had not paid out in the manner directed by law, and to pay the same over to the plaintiff as his successor; that Willis never accounted for or paid over to the plaintiff as treasurer the funds which went into his possession as aforesaid, nor did he pay it out according to law, but still retained in his possession the sum of $830.60, which sum he had converted to his own use and benefit; that by reason of the failure of Willis to pay out said money as it came into his hands as treasurer, and by failing and refusing to pay over the same to the plaintiff Zachry, his successor, as required by law, he breached the condition of his bond, and he and his sureties thereby became liable to Morris County for the

said sum of money. The petition asks for judgment in favor of the plaintiff in his capacity as treasurer aforesaid, for the use and benefit of Morris County, against Willis and his sureties for the amount sued for.

The bond marked "Exhibit A" and referred to in the petition has the following condition: "Now, therefore, if the said W. B. Willis shall faithfully perform and discharge all the duties required of him by law as treasurer aforesaid, and shall pay over all moneys that may come into his hands during the term of his office, then this obligation to be void; otherwise, to remain in full force and effect."

Willis and his bondsmen answered by a general demurrer and a special exception, charging that the petition showed no authority upon the part of Zachry from the Commissioners' Court of Morris County to bring this suit, and that the suit should be abated and dismissed because the plaintiff showed no authority in law to prosecute it. They also pleaded general denial, and specially pleaded the statute of limitation of four years.

On September 29, 1906, a second amended original petition was filed, containing substantially the same averments embodied in the first amended original petition. The same amount was claimed, and reference again made to a bond alleged to be attached to the petition and marked "Exhibit A" referred to and made a part of the pleading. However, the record shows no such exhibit attached. It was further alleged that the plaintiff had recently discovered that Willis while treasurer had paid out the funds for which this suit was instituted to one Will Lewis, upon vouchers signed by the county judge, for school furniture and supplies of various kinds for schoolhouses; that the payments so made were without authority of law, and that by reason of that fact Lewis had unlawfully received the money. It sought to make Lewis a party to the suit, and asked a recovery against him. The petition further alleged authority from the Commissioners' Court of Morris County to institute this suit, and refers to an order to that effect designated as "Exhibit B" made a part of the petition. The record, however, does not show any such order attached.

The court sustained the general demurrer of the defendant below, and dismissed the case. Later, upon application, that judgment was set aside and a new trial granted. In the motion for a new trial it is alleged that by mistake of the attorneys who first instituted the suit the wrong bond had been attached to the petition as an exhibit; and at that time the bond which was required by law of the county treasurer for the security of the school fund could not be found; that the appellants as sureties had signed both bonds. They attached as an exhibit to the motion the bond purported to be signed by Willis, with the appellants as his sureties, conditioned as required by law for the safe-keeping and faithful disbursement of the school funds which might come into his hands as treasurer.

Plaintiff also filed a supplemental petition setting up the mistake in attaching the wrong bond as an exhibit to the previous pleadings and the facts referred to as having been embodied in the motion for a new trial, and alleging that he now attaches to and makes a part of his petition the bond executed by Willis for the safe-keeping of

the school funds that came into his hands while treasurer. To this supplemental petition the defendants below answered by a general demurrer, a general denial, and further alleging that more than four years had elapsed since the misapplication of the funds complained of, and since the final report of Willis as treasurer of Morris County had been made.

The cause was tried on March 14, 1908, and a judgment rendered against Willis and his bondsmen for the sum of $614.28, from which this appeal is prosecuted by the bondsmen alone.

The sole question we are here called upon to consider is, do the pleadings authorize the judgment? The wrong complained of in the petition of the plaintiff is the misappropriation and conversion by Willis, while treasurer, of a part of the available school fund which had been apportioned to Morris County. The suit is to recover from Willis and the appellants the sum. In order to state a cause of action against the appellants for the defalcation of Willis, as to this particular fund, it should be alleged that they were sureties upon the bond given for the protection of this fund. The statute requires the county treasurer, before entering upon the duties of his office, to execute two bonds; one for the security of the funds of the county, and the other for the security of the available school fund apportioned to the schools of the county and of which he may have the custody. Articles 920, 921, of the Revised Civil Statutes; Kempner v. Galveston County, 73 Texas, 216. The bond required by article 920 is made payable to the county judge, to be approved by the Commissioners' Court, and in a sum to be fixed by that court, conditioned that the treasurer shall faithfully execute the duties of his office and pay over according to law all moneys which shall come into his hands as county treasurer, and shall render a just and true account thereof to said court at each regular term of said court. Article 921 provides that the county treasurer shall give an additional bond for the school fund of his county, payable to and to be approved by the county judge, in a sum double the amount of the school fund, to be estimated by such county judge, conditioned that he will safely keep and faithfully disburse the school fund according to law, and pay such warrants as may be drawn on said fund by competent authority. Under the ruling in the case of Kemper v. Galveston County, supra, the sureties on this last mentioned bond, when given by Willis, were those who became liable for the default here charged; and in order to recover in this suit the action must be upon that obligation, and not upon the other bond. We gather from the briefs of the parties, and portions of the record, that much of the confusion presented in this case is due to the fact that appellants were sureties on both of the bonds executed by Willis as treasurer. But this will not dispense with the requirement that in order to hold the appellants liable as sureties the suit must have been based upon that contract whereby they obligated themselves to stand security for the conduct of Willis in keeping and disbursing the funds, of which that sued for is a part.

In stating the cause of action, the plaintiff alleges the election and qualification of Willis by his taking the oath of office and "executing

the bond required by law, with defendants (naming appellants) as
sureties on said bond." In further describing the bond, and the only
place where this is attempted, it is alleged that "among the various
conditions of said bond was one that the said W. B. Willis, as such
county treasurer, would faithfully perform and discharge all of the
duties required of him by law, as such treasurer aforesaid, and shall
pay over all money that shall come into his hands during his term of
office; a copy of said bond is attached hereto, marked 'Exhibit A,'
and made a part of this petition." The record shows that substan-
tially the same allegations were in the first amended original peti-
tion, and that a copy of the bond conditioned as required for the
protection of the funds of the county and signed by Willis and appel-
lants, was attached as an exhibit to that petition. But the record
fails to show that the pleadings here under consideration, the second
amended original petition, had an exhibit of any sort attached.
Under our system of pleading bonds and other instruments forming
the whole or a part of the cause of action may be made a part of
the pleadings by copies, or the originals, being attached and referred
to as such, in explanation of the allegations of the petition, but will
not relieve the pleader of the duty of making proper allegations of
which the exhibits may be, in whole or in part, the evidence. Rule 19,
District and County Courts, 94 Texas, 671. But there being no copy
of any bond attached as an exhibit to the second amended original
petition, the pleadings upon which the case appears to have been
tried and judgment rendered, we are not called upon to say how
far such an exhibit might be relied upon as aiding the sufficiency of
the petition. The legal sufficiency of the second amended original
petition as a declaration upon a bond given for the safe-keeping and
faithful disbursement of the available school fund apportioned to
Morris County must, therefore, be determined solely by the aver-
ments of the pleading itself. Should the two bonds required of the
county treasurer be executed on the same day, by the same sureties,
and for the same amount, the only feature necessarily appearing upon
the face of them which would distinguish one from the other would
be the differing conditions required by law to be embraced within
their respective terms. Where this is the case and the instrument is
described in the petition as embracing the conditions required by
law for the protection of one fund, the action can not be treated, at
the option of the pleader, as a suit upon the other obligation. The
petition in this suit having failed to allege the execution of an obli-
gation by the appellants to secure the safe-keeping and faithful dis-
bursement of the available school fund, no cause of action is stated
and no judgment could be rendered against them. The instrument
declared on was not the proper bond.

It is true that the motion filed by the appellee for a new trial after
the dismissal of its suit in 1906, which motion is copied in the tran-
script, alleges that it was the intention of the plaintiff in the case to
sue on the bond given for the security of the available school fund;
that the reason of the fact that this particular bond could not be
found at the time suit was filed, and through a mistake of the attor-
ney preparing the pleadings, a copy of the wrong bond was attached

as an exhibit to the petition. The motion also contains as an exhibit a copy of a bond conditioned as required by law for the safety of the school fund, and prays that plaintiff be allowed to amend his pleadings. If there was any amendment of the pleadings the record does not show it. There is among the pleadings what is termed a second supplemental petition, filed at a subsequent term of the court, which appears to be a replication to the answer of the appellants, which again sets out the mistake and its causes, substantially as stated in the motion for a new trial, avers that the proper bond is then attached to the petition, and states that this is the bond upon which the plaintiff has declared. The mere statement in a supplemental pleading that the pleader intended to, or did in fact, declare upon a certain instrument, is but the conclusion of the pleader, and adds nothing to the sufficiency of the pleadings. Assuming that appellee had substituted one bond for the other and without amending the averments of his petition, when these clearly referred to the instrument removed, this would not under our practice constitute a proper amendment of the pleadings. But even this is not shown by the record to have been done.

While we think the defects of the petition which have been discussed are sufficient to justify reversing and dismissing this cause, there are other features which should probably be noticed in view of possible future litigation that may follow. We are not prepared to hold that an action on the proper bond to recover any portion of the available school fund can be maintained in the name of another "for the use and benefit of the county." In the case of Jernigan v. Finley, 90 Texas, 205, the Supreme Court holds that the money annually appropriated to the different counties as the available school fund, is in no sense the property of the counties. In delivering the opinion this language was used: "Its treasurer is the custodian of so much of the available school fund as may be set apart to the county. The county superintendent, if there be one, and, if not, the county judge, superintends its distribution under the law. It does not follow that because an officer is called a 'county officer' the functions he exercises are exercised for the quasi corporation. They may be State officers, though their jurisdiction or powers may be confined to the limits of the county, or even to one of its political subdivisions. Fears v. Nacogdoches Co., 71 Texas, 337. . . . For the purpose of convenience, in administering the available school fund of the State, the Constitution and statutes adopt the State's political subdivisions in providing for its distribution and the statutes devolve certain duties with respect thereto upon certain of the county officers. This was, doubtless, prompted in part by motives of economy. It confers no right in the fund in the quasi corporation known as the 'county.' . . . We have already endeavored to show that to the money for which the warrant in controversy is sought, Travis County, in its corporate capacity, is not entitled, either in its own right, or as trustee for the public schools of the county." But in Burk v. Galveston County, 76 Texas, 267, it was held that a suit upon such a bond in the name of the county could be maintained. It is difficult to reconcile this holding with the conclusion announced in the Jer-

nigan case previously referred to. It seems to us that if the county is neither the owner of the fund, nor a trustee for its distribution, and the treasurer of the county is to be regarded as to that fund an officer of the State, then the county would have no more authority to maintain an action for its recovery when misappropriated by the treasurer than would any other stranger. The court in the Burke case cites Simons v. County of Jackson, 63 Texas, 428. The reports of those cases do not show what the pleadings were, except as to the style of the suit. It may be that the petition was so framed as to make it an action in behalf of the real beneficiaries of the fund, with the county as only a nominal plaintiff, and that feature led the court to hold as it did. Such is not the case here. This suit is by the treasurer for the use and benefit of the county, and the judgment rendered awards a recovery against the appellants for the use and benefit of the county. If this suit can be maintained as pleaded, then the form of the judgment is not improper; and if the form of the judgment is not improper Morris County is thus enabled to appropriate to its own use and benefit funds which the State had set apart for another purpose.

The petition in this case does not allege the amount of the bond sued on. This amount is required to be fixed by the county judge on his estimate of the available school money that may be placed in the hands of the treasurer. The court can not judicially know the sum specified by the county judge, nor whether this estimate was followed in making the bond. It may or it may not have been for a sum sufficient to be within the jurisdiction of the trial court, or to cover the amount sued for. It should affirmatively appear from the allegations of the petition that the court has jurisdiction of the suit.

We do not undertake to decide whether limitation would run against an action to recover a portion of the available school fund when properly brought.

The judgment of the court is reversed and the cause dismissed.

*Reversed and dismissed.*