BURTTSCHELL et al. v. COLORADO COUNTY. (No. 5524.)

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1915. Rehearing Denied March 1, 1916.)

1. COUNTIES ⬩99—COUNTY TREASURER—ACTION ON BOND—DEFENSES.

In a suit on a county treasurer's bond for an alleged shortage of funds, it is a defense to show that the shortage occurred during the term of his predecessor.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 144–146, 148; Dec. Dig. ⬩99.]

2. COUNTIES ⬩99—OFFICERS' BONDS—LIABILITY OF SURETY.

In a suit on a county treasurer's bond for an alleged shortage of funds, it is a defense that the funds were trust funds held by the treasurer, which without consent of the beneficiary he deposited in the county depository as county moneys; for the sureties are not responsible for moneys which did not come into the hands of their principal by virtue of his office.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 144–146, 148; Dec. Dig. ⬩99.]

3. COUNTIES ⬩101(7) — OFFICERS' BONDS — LIABILITY OF SURETY—COUNTY COMMISSIONERS—DETERMINATION.

Where a county treasurer improperly deposited trust funds as county funds, and his report was approved by the county commissioners, such approval is not conclusive on the sureties on his bond that the funds were county funds.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 158; Dec. Dig. ⬩101(7).]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by Colorado County against E. C. Burttschell and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Townsend & Quin, of Columbus, and Mangum & Townsend, of San Antonio, for appellants. Lester Holt, W. L. Adkins, and Grobe & Miller, all of Columbus, for appellee.

RICE, J. This suit was brought by Colorado county against appellants, E. C. Burttschell, as county treasurer, and Henry Burttschell, Geo. Geggenworth, C. A. Burttschell, R. H. Beyer, John Herder, and H. A. Johnson, as sureties on his bond as such, for an alleged shortage as such treasurer of the county funds, and likewise alleged a shortage of the city funds of the city of Columbus, with which he was charged as custodian by virtue of his office, said city having abolished its charter; and for interest on funds which he, as county treasurer, should have deposited in the county depository, but which it was alleged was not earned because of his failure to so deposit same.

Appellants denied specially the allegations of plaintiff's petition, and pleaded that all sums received by said Burttschell as county treasurer from and after the execution of the bond sued on until his resignation had been faithfully and truly accounted for by him, and, if there was any shortage, the same occurred during the term of his predecessor, Joseph Burttschell as county treasurer, who was the father of E. C. Burttschell. They likewise pleaded that E. C. Burttschell succeeded Joseph Burttschell as county treasurer of Colorado county by appointment, and was thereafter elected to said office at the general election in November, 1910; that on or about the 25th day of August, 1910; the commissioners' court of said county approved a report covering the administration of Joseph Burttschell, and that on said date Joseph Burttschell was short with said county in the sum of $9,000. They also, in effect, pleaded that during the administration of his office E. C. Burttschell deposited in the county depository in his name as county treasurer of said county the sum of $8,400 which belonged to his mother, which had been left with him by her as a trust fund, and that he so deposited it in the county depository without her knowledge or consent, and that his account should be credited with said amount, and, if the same were so credited, then and in that event there would be no shortage.

Appellee excepted to said answer on the ground that the defenses noticed were irrelevant and immaterial, and that they did not state facts, but were mere conclusions of the pleader, which exceptions were sustained by the court, and appellants excepted. There was an instructed verdict in favor of appellee for the sum of $7,773.92, with 6 per cent. interest from date of judgment, from which appellants prosecute this appeal.

[1] The action of the court in sustaining

said demurrers is complained of in numerous assignments on the part of appellants, presenting the same question in various forms. In suits of this character it is always competent, as we understand the law, to show that the alleged shortage, if any, occurred during the administration of the predecessor of the person charged therewith; such proof being material and relevant to the issue under consideration. Hence it was error, we think, to sustain the exceptions.

[2, 3] We also think that the court erred in sustaining exceptions to that part of the answer setting up the fact that $8,400 of the money in the county treasury did not belong to E. C. Burttschell, but was the property of his mother, for whom he held the same in trust, which had been so deposited by him without her knowledge or consent. The sureties are not responsible for any money which does not come into the hands of the county treasurer by virtue of his office. See Henderson County v. Richardson, 15 Tex. Civ. App. 699, 40 S. W. 38. It is contended on the part of appellee, however, that, since appellant treasurer had made reports showing that the $8,400 belonged to the county, which reports had been approved by the commissioners' court and entered of record, they were conclusive of the question, and appellants were bound thereby. But the contrary seems to have been held in Broad v. City of Paris, 66 Tex. 119, 18 S. W. 342, and in Llano County v. Moore, 77 Tex. 515, 14 S. W. 152.

The remaining assignments complain chiefly of the exclusion of evidence to support these pleas. It will be unnecessary for us to discuss those assignments, because our ruling on the demurrers involves the same question.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.